<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| US HEALTH DRUG STORE INC. d/b/a FRENCH PHARMACY, | : : : : | **Civil Action No. 24-05848-ES-AME** |
| Plaintiff, | : : : | **REPORT and RECOMMENDATION** |
| v. | : : |  |
| PIERRE FABRE USA, INC., | : : :  |  |
| Defendant. | : : |  |

<u>ESPINOSA, U.S.M.J.</u>

This matter is before the Court on the motion by plaintiff US Health Drug Store Inc. d/b/a French Pharmacy ("Plaintiff") to remand this action for lack of subject matter jurisdiction [D.E. 9]. Defendant Pierre Fabre USA, Inc. ("Defendant") opposes the motion. The Honorable Esther Salas, U.S.D.J., referred Plaintiff's motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). This Court has reviewed the parties' written submissions and issues this Report and Recommendation without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted and that this matter be remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).

**I.    BACKGROUND**

This action arises out of a business venture from which Plaintiff worked to become an authorized retailer of Defendant's skincare products, marketed under the trademark Eau Thermale Avène (the "Avène Products"). Plaintiff, a Florida corporation with its principal place

of business in Florida, operates an internet-based business that sells products throughout the United States. (Compl. ¶ 2.) Defendant, a Delaware corporation with its principal place of business in Parsippany, New Jersey, is identified in the Complaint as a subsidiary of a French company that owns the Avène Products. (*Id.* ¶¶ 3-4.)

      The Complaint alleges that, in or about November 2023, the parties discussed Plaintiff's entry into Defendant's Avène Products reseller program (the "Reseller Program"). (*Id.* ¶ 5.) According to the Complaint, to enter the Reseller Program, Plaintiff was required to refrain from discounting the Avène Products it sold until the first quarter of 2024. (*Id.* ¶ 6.) The Complaint alleges that, on November 21, 2023, Plaintiff agreed to Defendant's proposed terms, eliminated all discounts on the Avène products, and thus effectively entered into a partnership agreement with Defendant (the "Partnership Agreement"). (*Id.* ¶ 9.) It further alleges the Partnership Agreement was acknowledged in an email Plaintiff received from Defendant's agent on November 28, 2023. (*Id.* ¶ 12.) The Complaint asserts Plaintiff adhered to the Partnership Agreement's retail pricing scheme throughout the peak holiday season of 2023. (*Id.* ¶ 10.)

      However, according to the Complaint, when Plaintiff inquired about entry into the Reseller Program, on or about January 28, 2024, Defendant denied access, accusing Plaintiff of engaging in unethical business practices, specifically of "violating copyright and trademark laws by selling and using Avène Products." (*Id.* ¶¶ 13-14.) The Complaint alleges this accusation was unfounded, as Plaintiff had licensing rights to sell the Avène Products under the Partnership Agreement and was therefore "not violating any copyright and trademark laws." (*Id.* ¶ 15.) Thus, the Complaint claims that, despite Plaintiff's compliance with its obligations under the Partnership Agreement, Defendant failed to perform as required thereunder by denying Plaintiff

2

entry into the reseller program and recognizing Plaintiff as an authorized seller of the Avène Products. (*Id.* ¶ 16.) The Complaint also claims that Defendant's false and misleading promise to allow Plaintiff entry into the Reseller Program interfered with Plaintiff's sales and caused it to sustain lost profits as a result of Plaintiff's adherence to Defendant's pricing structure. (*Id.* ¶¶ 17-18.)

Plaintiff filed this action in the Superior Court of New Jersey, Morris County, on March 8, 2024. The Complaint pleads claims for breach of contract, fraudulent inducement, and promissory estoppel. On May 3, 2024, Defendant removed the action to federal court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1331.[1] In the Notice of Removal, Defendant states the breach of contract claim "hinges on determining whether [Plaintiff] infringed federally protected copyrights and federally registered trademarks owned by [Defendant] and/or one if its French affiliates" (Notice of Removal, ¶ 3) because the purported Partnership Agreement involved two preconditions to its formation: that Plaintiff eliminate discounts on the Avène Products and that it cease infringing on copyrights and trademarks related to the Avène Products. Defendant maintains the breach of contract claim requires resolution of the infringement question and thus arises under federal law. (*Id.* ¶ 9.) Additionally, Defendant asserts that by alleging Plaintiff did not violate any copyright or trademark laws, the Complaint "essentially seek[s] declaratory relief of non-infringement" (*Id.* ¶ 14), thus giving rise to federal subject matter jurisdiction under 28 U.S.C. § 1338.

---

[1] Although there appears to be complete diversity between the parties, Defendant did not remove based on diversity jurisdiction under 28 U.S.C. § 1332. Defendant is, for purposes of jurisdiction, a citizen of New Jersey, the location of its principal place of business, and under the "forum defendant rule," removal on the basis of diversity jurisdiction is not permitted if a properly joined and served defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

3

Shortly after removing the action, Defendant filed a motion to dismiss. Plaintiff opposed that motion and also filed this "cross-motion" to remand for lack of subject matter jurisdiction. Because subject matter jurisdiction is a threshold matter, which must be resolved before the action may proceed in federal court, the motion to dismiss has been held in abeyance pending resolution of this motion to remand.

## II.   DISCUSSION

Defendant removed this matter pursuant to 28 U.S.C. § 1441, asserting the Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1338, which pertains specifically to actions arising under federal intellectual property laws, similarly provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

Although Section 1441 permits the removal of any action over which the Court has original jurisdiction, the Supreme Court has held that removal statutes must be strictly construed because federal courts are courts of limited jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). As the removing party, Defendant "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). All doubts concerning whether the Court has subject matter jurisdiction must be

4

resolved in favor of remand. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *see also Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

On this motion to remand, Plaintiff argues the Court lacks subject matter jurisdiction because, simply put, his Complaint pleads only state law causes of action. Plaintiff contends that, despite Defendant's effort to recast the nature of the relief he seeks as arising under federal copyright and/or trademark law, the Complaint sets forth a straightforward breach of contract claim and related state common law claims based on Defendant's alleged failure to grant Plaintiff entry into the Reseller Program consistent with the Partnership Agreement. Thus, Plaintiff maintains that under the "well-pleaded complaint" doctrine, there is no basis for federal jurisdiction. Plaintiff further contends that, even if the breach of contract claim is construed as containing an embedded issue of federal law, that issue does not rise to the level required to deem Plaintiff's purely state law claim as arising under federal law.

In opposition, Defendant argues that Plaintiff's breach of contract claim supports federal jurisdiction for three reasons. First, it maintains that, notwithstanding Plaintiff's efforts to minimize the impact of federal law on this action, the very formation of the purported Partnership Agreement depends on determining whether Plaintiff infringed copyrights and marks related to the Avène Products and, therefore, the breach of contract claim necessarily arises under federal law. Second, Defendant contends that, given the parties' discussions concerning the purported Partnership Agreement, the Court may apply the artful pleading doctrine to conclude Plaintiff has deliberately avoided pleading a federal claim for a declaration of non-infringement. Third, Defendant argues that the breach of contract claim is completely preempted by the Copyright Act, 17 U.S.C. § 301.

5

The Court addresses each of Defendant's arguments in turn.

### A. Whether the Breach of Contract Claim Arises Under Federal Law

"Where there is no diversity of citizenship between the parties, "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8 (1983). Federal question jurisdiction conferred by Section 1331, also referred to as "arising under" jurisdiction, generally exists "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016) ("Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted."); *Mims v. Arrow Fin. Svcs., LLC*, 565 U.S. 368, 371-72 (2012) ("We have long recognized that 'a suit arises under the law that creates the cause of action.'") (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Ordinarily, the federal question, that is, the federal cause of action, must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

Under the "well-pleaded complaint" rule, "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also United Jersey Banks v. Parell,* 783 F.2d 360, 365 (3d Cir. 1986) (holding no federal jurisdiction will lie under the well-pleaded complaint rule even if a federal right is available to plaintiff but not asserted in the complaint). The rule further holds that federal jurisdiction cannot be predicated on some actual or anticipated federal defense, including the preclusive effect of a federal statute. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S.

6

149, 152, (1908)); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The same holds true for counterclaims, which generally cannot give rise to federal question jurisdiction. *Vaden*, 556 U.S. at 60 (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002)).[2] Indeed, "as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank*, 539 U.S. at 6.

However, the Supreme Court has held that, under certain limited circumstances, an action pleading only state law claims "might still 'arise under' the laws of the United States if a well-pleaded complaint established that [the plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.*, 463 U.S. at 13. In *Grable & Sons Metal Products, Inc. v. Darue Engineering Manufacturing*, a quiet title action involving questions of federal tax law, the Court articulated a test for determining whether federal jurisdiction exists based on federal issues embedded in a plaintiff's asserted state law claims. 545 U.S. 308, 314 (2005). *Grable* held that, in analyzing subject matter jurisdiction over such an action, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state

---

[2] However, there are statutory exceptions to the *Holmes Group* holding that federal jurisdiction cannot arise under counterclaims. The Court may assert federal subject matter jurisdiction pursuant to Section 1338 in actions asserting any claim, including counterclaims, "arising under any Act of Congress relating to patents, plant variety protection, or copyright." 28 U.S.C. § 1454 (providing for removal based on the assertion by "any party" for such a claim for relief); *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644-45 (3d Cir. 2015) (noting the 2011 Leahy-Smith America Invents Act's amendment of Section 1338 and creation of a new removal provision, Section 1454, essentially expanded the jurisdiction of federal courts). Here, that basis for federal jurisdiction is missing. Although Defendant asserts, in a footnote to its opposition to Plaintiff's motion to remand, that it intends to assert a counterclaim for copyright infringement in the event its motion to dismiss is denied, no such counterclaim was pled at the time of removal.

judicial responsibilities." *Id.* There, the Court concluded federal jurisdiction existed, despite the lack of a federal cause of action, reasoning that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 314-15.

Here, Defendant argues Plaintiff's breach of contract claim arises under federal law because an essential element of the claim—the existence of an enforceable contract—requires the Court to determine whether Plaintiff violated federal copyright and trademark laws concerning the Avène Products. Defendant points out that the parties' pre-contractual discussions, conducted in emails exchanged in November 2023, are expressly relied upon in the Complaint and argues the entirety of those discussions must be considered as incorporated by reference into the Complaint.[3] Defendant stresses those emails make clear that Plaintiff needed to cease infringing the copyrights and trademarks associated with the Avène Products before Defendant would agree to any sales partnership. It therefore contends that to prove the breach of contract claim, Plaintiff must establish that this essential precondition was satisfied, and thus the claim necessarily raises a substantial and disputed issue under the federal Copyright Act, 17 U.S.C § 101, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

Defendant's argument that Plaintiff's Complaint supports federal jurisdiction under the *Grable* framework is unavailing. Since the *Grable* decision, the Supreme Court has repeatedly cautioned that federal question jurisdiction over state law claims with an embedded federal issue exists only in a "'special and small category' of cases." *Gunn*, 568 U.S. at 258 (quoting *Empire*

---

[3] The emails exchanged in November 2023 and in January 2024, referenced in the Complaint, have been submitted for the Court's consideration by Defendant in support of its motion to dismiss. The emails are attached to the Declaration of Jeffrey Petrosillo, Chief Commercial Officer for Defendant, docketed at D.E. 5-2.

*Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)); *see also Manning*, 578 U.S. at 393 (affirming Third Circuit's remand of action involving only state law claims by shareholders against brokers, finding that although claims were predicated on the brokers' alleged violation of the Securities Exchange Act, the claims did not arise under the statute nor were brought to enforce duties under the Act, negating jurisdiction under either Section 1331 or Section 27 of the Exchange Act). In *Gunn*, the Court emphasized that merely raising a disputed federal question in an otherwise state law-based action does not suffice to give rise to federal jurisdiction. *Gunn*, 568 U.S. at 259-60. Indeed, a federal law element within a state law claim will not, without more, "open the 'arising under' door" according to the framework established by *Grable*. *Empire Healthchoice*, 547 U.S. at 701 (quoting *Grable*, 545 U.S. at 313). Presenting the *Grable* framework as a four-part test, *Gunn* held "federal jurisdiction over a state law claim will lie [only] if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

Defendant fails to establish that this action satisfies all four *Grable* factors. First, neither the Complaint itself nor the referenced emails demonstrate that the breach of contract claim necessarily raises a question of federal law. The Court has reviewed the November 2023 emails, on which Defendant relies to argue that Plaintiff's discontinued use of the Avène Products copyrights and marks was a condition precedent to any agreement between the parties. However, it is far from clear that non-infringement was a precondition to contract formation, such that an issue of federal copyright and/or trademark law is actually embedded in Plaintiff's contract claim. Although Defendant initiated contact with Plaintiff over a concern with unauthorized use

9

of Avène Product images on Plaintiff's website, the subsequent exchanges concerning entry into the Reseller Program focus on Plaintiff's elimination of product discounts. Indeed, when Plaintiff raises the possibility of becoming an authorized seller in the program, Defendant responds: "We are not onboarding any new pure player internet accounts in 2023, but will begin again through our B2B platform in Q1 2024. We'd be happy to partner together at that time if you would agree to continue to sell without discounting." (Decl., Ex. A at 6-7, at D.E. 5-2.) In another email, days later, Defendant repeats: "As discussed below, in order for us to partner with you in the upcoming year, you would need to remove the discounts on Avène now. Can you please confirm when the discounts will be removed?" (*Id.* at 4.) In the Complaint, Plaintiff alleges that through these November 2023 discussions, the parties formed a meeting of the minds, an agreement in which Plaintiff would be granted entry into the Avène Products Reseller Program if it ceased selling the products at a discount, that Plaintiff performed as required, and that Defendant failed to honor its promise. Defendant also points to January 2024 emails, referenced in the Complaint, as further demonstrating that Plaintiff must establish non-infringement to prove is breach of contract claim because those emails show that Defendant "decided not to pursue a partnership with [Plaintiff]" due to its sales of unauthorized products and instructed Plaintiff to "stop using all copyright and trademarked assets." (*Id.* Ex. B.) Again, it is far from clear, based on the email exchanges, that violation of federal copyright and trademark laws is embedded in Plaintiff's claim that Defendant breached the Partnership Agreement allegedly formed in or about November 2023. Although Defendant may potentially raise Plaintiff's alleged infringement as a defense to the breach of contract claim, based on its position that Plaintiff failed to perform as required, the claim for relief Plaintiff has pled does not necessarily raise issues of federal law.

10

Second, even if the breach of contract claim could be construed as partially predicated on Plaintiff's non-infringement, Defendant has not demonstrated the federal issue is "substantial" within the meaning of the *Grable* analysis. In *Gunn*, the Supreme Court rejected the view that a federal issue is substantial merely because it is important to an individual case. *Gunn*, 568 U.S. at 260. Rather, the "substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.* It "primarily focus[es] not on the interests of the litigants themselves, but rather on the broader significance ... for the Federal Government." *Id.*; *see also Empire Healthchoice*, 547 U.S. at 700 (observing *Grable* presented a substantial federal question because the dispute "centered on the action of a federal agency (IRS) and its compatibility with a federal statute" such that resolution of the dispute "was both dispositive of the case and would be controlling in numerous other cases."). On that basis, *Gunn* concluded that although the federal patent issue embedded in the plaintiff's legal malpractice claim was important to the parties, it did not have broader systemic impact and thus did not give rise to federal jurisdiction, in contrast to *Grable*, in which the federal Government's ability to collect delinquent taxes was at issue. *Gunn*, 568 U.S. at 260-61.

Here, assuming Plaintiff's state law claims involve consideration of whether it had infringed on Defendant's intellectual property rights related to the Avène Products, the impact of such questions of federal law would be fact-specific to this action. They bear significance only to resolving the rights and responsibilities between the parties, insofar as determining whether Plaintiff committed any trademark and/or copyright violations may affect Defendant's liability

11

on the state law claims. There is no indication that any copyright or trademark infringement matters potentially at issue in Plaintiff's state claims have any broad implications for the federal system as a whole.

Furthermore, Defendant has not established that assertion of federal question jurisdiction based on Plaintiff's breach of contract claim would avoid upsetting the "congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Even where a state law cause of action raises a federal issue, litigating that issue cannot disrupt the "state-federal line drawn by Congress." *Id.* Claims for breach of contract, such as the one presented in the Complaint, are matters in which state courts have an interest in resolving, and as noted by the Third Circuit, "[e]xpanding federal question jurisdiction to contractual disputes … runs the risk of 'disturbing [the] congressionally approved balance of federal and state judicial responsibilities.'" *Goldman v. Citigroup Global Markets, Inc.*, 834 F.3d 242, 257 (3d Cir. 2016) (quoting *Grable*, 545 U.S. at 314).

For the foregoing reasons, Defendant has not demonstrated that this action falls within that slim category of cases in which there is federal question jurisdiction despite the absence of a federal cause of action. This Court finds, consistent with the well-pleaded complaint rule, that this action does not arise under any federal law or, more specifically, under any federal trademark and/or copyright law. As such, there is no basis for subject matter jurisdiction under either Section 1331 or Section 1338.

### B. Artful Pleading Doctrine

In support of the existence of federal jurisdiction, Defendant also invokes the artful pleading doctrine, a recognized but rare exception to the well-pleaded complaint rule. Under that

doctrine, "a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *United Jersey Banks*, 783 F.2d at 367; *see also Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266 (3d Cir. 2001) (noting that "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law") (internal quotation omitted). Another Court in this District summarized the doctrine as follows: "A federal claim is artfully pled as a state law claim when the suit in actuality arises under a federal law which gives the plaintiff the right to pursue the relief sought in the complaint." *Temptations, Inc. v. Wager*, 26 F. Supp. 2d 740, 743 (D.N.J. 1998) (citing *Franchise Tax Bd.*, 463 U.S. at 23). Noting that this exception to the well-pleaded complaint rule is seldom applicable, that Court described the "paradigmatic case" of artful pleading as a case in which plaintiff has tried, and failed, to seek relief in federal court under federal causes of action and then repleaded the same alleged claims under parallel state law theories of relief. *Id.* at 744 (citing *Federated Dep't Stores Inc. Motie*, 452 U.S. 394 (1981)).

Defendant argues that Plaintiff has attempted to evade federal jurisdiction by framing this action as one for breach of contract and other state law forms of relief yet "omitting federal questions that are essential to recovery." (Def. Opp'n at 25). It maintains that, to obfuscate that Plaintiff is essentially seeking a ruling on an issue of federal copyright and trademark law, the Complaint has deliberately failed to include the terms of the purported Partnership Agreement, as evidenced in the parties' email discussions. Defendant asserts that the Court may, and indeed must, look beyond the face of the Complaint to those emails, which it contends show that a precondition to the formation of any contract between the parties was that Plaintiff "cease

13

infringing on the copyrights and trademarks associated with Avène Products." (*Id.* at 27.) According to Defendant, those emails, and specifically that precondition of non-infringement, demonstrate that Plaintiff in reality seeks to establish that it did not infringe and thus has "artfully pled" a federal claim as a state law contract claim.

Defendant's argument fails because, on such a thin basis as one email that asks Plaintiff to refrain from unauthorized use of Avène Products' copyrights and marks, the Court cannot rewrite Plaintiff's Complaint to assert a cause of action that it plainly does not. As pled, the Complaint alleges that Plaintiff was wrongfully denied a benefit of the bargain under the parties' Partnership Agreement. Taking the allegations as true, Plaintiff claims that although it performed as required thereunder, Defendant reneged on its agreement to add Plaintiff to its Reseller Program. The Court does not express any opinion on the merits of Plaintiff's claims, including whether a valid contract was formed, what the terms of that contract were, and whether the parties did or did not perform as required. However, what is clear is that the relief Plaintiff seeks revolves in fact and legal theory around its state law causes of action.

The Third Circuit has cautioned that the artful pleading doctrine must be applied "with circumspection" to avoid "difficult issues of federal-state relations" and to avoid "abrogat[ing[ the rule that a plaintiff is a master of his or her complaint." *United Jersey Banks*, 783 F.2d at 365 (reversing district court's decision that federal jurisdiction existed based on artful pleading doctrine). On this Complaint and the matters referenced therein, this Court cannot conclude that Plaintiff has couched claims seeking a ruling on rights and/or liability governed by federal copyright and trademark laws in terms of state law theories of relief, such that the Court should reject Plaintiff's state law claims and interpret them as federal causes of action. This case bears

no resemblance to the "paradigmatic" artful pleading scenario, where a federal cause of action is disguised as a state law claim. Simply put, the artful pleading doctrine does not apply to this case.

### C. Complete Preemption

Finally, Defendant argues there is subject matter jurisdiction over this action because Plaintiff's claims are completely preempted by Section 301 of the Copyright Act. *See* 17 U.S.C. § 301. In relevant part, Section 301 provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.

17 U.S.C. § 301(a). Based on the foregoing provision, carving out exclusive application of the Copyright Act over certain actions, Defendant maintains the Court should recharacterize Plaintiff's state law claims as seeking relief under that federal statute and accordingly conclude that it has federal subject matter jurisdiction.

The complete preemption doctrine is an "independent corollary" to the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 393. It applies under certain circumstances where the Supreme Court has "concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). A statute is completely preemptive if it "provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of

action." *Beneficial Nat'l Bank*, 539 U.S. at 8. Under the doctrine, where a plaintiff's claim falls within the scope of a federal statute that "wholly displaces" state law, the Court may recharacterize the plaintiff's complaint as in reality based on federal law and thus removable under Section 1441. *See id*. However, as noted by the Third Circuit, "complete preemption is rare." *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 408 (3d Cir. 2021). "The Supreme Court has recognized only three completely preemptive statutes: the Employee Retirement Income Security Act ("ERISA"), the Labor Management Relations Act ("LMRA"), and the National Bank Act." *Id.* These three statutes unambiguously created causes of action, which the Supreme Court construed to be a litigant's exclusive right of action. *Id.*

Here, Defendant cites no Supreme Court decision extending the complete preemption doctrine to the Copyright Act. Instead, Defendant primarily relies on a decision issued by the Western District of Pennsylvania, which addressed the statute's preemptive effect. *See Four Quarters Interfaith Sanctuary of Earth Religion v. Gille*, No. 19cv12, 2019 WL 529079 (W.D. Pa. Feb. 11, 2019). There, the plaintiff had filed an action in state court for injunctive and declaratory relief concerning its asserted ownership rights over a fundraising event, claiming that the defendant was infringing those rights by, among other things, operating a Facebook page that insinuated the defendant's competing event was related to the plaintiff's event. *Id.* at *1. The plaintiff sought, among other things, an order directing the defendant "to cease any and all actions imitating the [plaintiff's] event including using photographs or video of the [plaintiff's] events or property." *Id.* The defendant removed the action to federal court, arguing the plaintiff's claims were completely preempted by Section 301 of the Copyright Act and the Court therefore had original jurisdiction under 28 U.S.C. § 1338. *Id.* at *2. Acknowledging that the Third Circuit

16

had not determined whether the complete preemption doctrine extended to the Copyright Act, the District Court in *Four Quarters* held that it did, citing other Pennsylvania District Court cases and observing that "other circuit courts agree with this approach." *Id.* at *4 (citing various).

Defendant urges this Court to similarly find that Plaintiff's breach of contract and other state law claims are completely preempted by the Copyright Act and consequently conclude that there is subject matter jurisdiction under Sections 1331 and 1338. However, complete preemption by the Copyright Act is a matter of first impression in this Circuit, and without clear and binding authority from the Third Circuit, this Court is reluctant to extend the reach of a narrow doctrine the Circuit itself has described as rare. Additionally, and more to the point in this case, even if the Copyright Act were assumed to have the preemptive effect Defendants urges, it would not apply to displace Plaintiff's claims.

Whether or not Section 301's force rises to the level of complete preemption, the statute's exclusivity provision can only displace those claims falling within its scope. Section 301 encompasses rights that are "equivalent" to any of the rights within those governed by copyright laws, as specified by section 106 of the statute. Copyright Act Section 106 confers upon the owner of copyright the exclusive right to use a copyrighted work in a variety of ways, including its reproduction, sale, and public display. 17 U.S.C. § 106. Moreover, Section 301 also expressly provides that the cause of action it creates will not displace matters not seeking to enforce protections covered by the Copyright Act. It states: "nothing herein annuls or limits any rights or remedies under the common law or statutes of any State with respect to … subject matter that does not come within the subject matter of copyright …." 17 U.S.C. § 301(b)(1).

Defendant urges the Court to construe the Complaint as essentially seeking a declaration of non-infringement, pointing to the allegation that, when Plaintiff was denied entry into the Reseller Program, Defendant "falsely claimed that Plaintiff was violating copyright and trademark laws by selling and using Avène Products." (Compl. ¶ 14.) Defendant maintains that the breach of contract claim necessarily requires a determination concerning whether Plaintiff in fact copied or displayed copyrighted images of the Avène Products and thus the Complaint must be construed as asserting rights equivalent to those governed by Section 106.

However, neither the Complaint as a whole nor the emails Defendant submits support that broad re-interpretation of the Complaint. The Complaint here does not seek a ruling concerning Plaintiff's rights, or violation of rights, as to the use of any copyrighted work. The gravamen of this case is an allegedly thwarted attempt by Plaintiff to become an authorized seller of skincare products, which the Complaint alleges was wrongfully denied by Defendant violation of the parties' purported Partnership Agreement. Defendant maintains its January 2024 decision not to pursue a business relationship with Plaintiff was justified, based on, among other things, activity it claims constituted Plaintiff's unauthorized use of copyrighted images, but Plaintiff alleges Defendant breached an agreement the parties formed in November 2023.

Defendant also relies heavily on *TGAS Advisors, LLC v. Zensights, LLC*, in support of its argument that federal subject matter jurisdiction exists in this case, based on both the embedded federal question in the plaintiff's state law claims and the complete preemption of its state claim by Section 106 of the Copyright Act. *See* No. 16cv1870, 2016 WL 2594643 (E.D. Pa. May 5, 2016). *TGAS Advisors* expressly involved a claim by the plaintiff for a declaration that it had not infringed on the defendant's copyright. *Id.* at *1. That Court held that, although pled under a

state law theory of relief, the claim for a declaration of non-infringement necessarily raised a federal issue, in view of the exclusivity provision of the Copyright Act, 17 U.S.C. § 301. *Id.* at *3. It reasoned as follows: "Based on the facts alleged in the Complaint, it would appear that the relief TGaS is seeking is a declaration that either Zensights has no copyright at all to its product or that TGaS's product is not derivative of the product over which Zensights has a copyright. This determination will necessarily require the Court to look at federal law." *Id. TGAS* thus held that plaintiff's state law non-infringement claim met the *Grable* standard for arising under jurisdiction and denied the motion to remand. *Id.* at *5.

Here, this Court is not persuaded that the same reasoning applies or result follows. As pled, Plaintiff's Complaint does not seek a declaration of non-infringement or its equivalent. Moreover, Defendant has not proffered binding authority establishing that the complete preemption doctrine applies to the Copyright Act, nor demonstrated that this action falls within Section 301 of that statute. Consequently, this Court concludes Defendant has failed to establish the existence of federal subject matter jurisdiction based on complete preemption.

### D. Costs and Fees

Finally, the Court addresses Plaintiff's request for an award of fees and costs in connection with bringing this motion to remand. By statute, the Court may, upon entry of a remand order, require the removing party to pay "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is warranted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, because there is caselaw concerning the breadth of Copyright Act Section 301, and because Defendant presented

a good faith argument for arising under jurisdiction, the Court cannot conclude that Defendant's attempt to remove based on the existence of jurisdiction under Sections 1331 and 1338 was so unreasonable as to warrant the imposition of costs and fees. *See Inselberg v. N.Y. Football Giants*, 661 F. App'x 776, 779 (3d Cir. 2016) (concluding district court did not abuse its discretion in denying an award of fees and costs, given that the motion to remand involved difficult jurisdictional issues about which reasonable minds could differ).

### III.   CONCLUSION

For the foregoing reasons, this Court finds Defendant has not met its burden of establishing that there is federal subject matter jurisdiction over this action. Section 1447 directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this Court respectfully recommends that Plaintiff's motion to remand the action to the Superior Court of New Jersey, Law Division, Morris County [D.E. 9] be **GRANTED**. It further recommends that Plaintiff's request for an award of fees and costs be denied.

    /s/ *André M. Espinosa*  
    ANDRÉ M. ESPINOSA  
    United States Magistrate Judge

Dated:   December 6, 2024